## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

James Paul Aery,                                  Case No. 20-cv-55 (JRT/ECW)

        Plaintiff,

     v.                                       **REPORT AND RECOMMENDATION**

Connor Cremens, in his individual &
official capacity,

        Defendant.

This matter is before the Court on Defendant Connor Cremens' Motion to Dismiss (Dkt. 32) ("Motion"). The case has been referred to the undersigned United States Magistrate Judge for a report and recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For the reasons stated below, the Court recommends the Motion be granted.

## I.    BACKGROUND

The allegations in this case stem from a May 20, 2018 arrest and search of Plaintiff James Paul Aery ("Aery" or "Plaintiff"). (Dkt. 1 at 4-5, 7-8.)[1] Briefly, at around 1:30 a.m. on that date, Officer Sean Marben observed Aery sleeping in his car in a Walmart parking lot in Apple Valley, Minnesota. (Dkt. 1-1 at 2-3 (Order and Memorandum in *Minnesota v. Aery*, No. 19HA-CR-18-1802 (Minn. Dist. Ct. Aug. 12, 2019), granting defendant's motion to suppress and dismissing case for lack of probable cause); Dkt. 29-1 at 2 (Complaint in *Minnesota v. Aery*, No. 19HA-CR-18-1802 (Minn.

---

[1]    Page numbers refer to the CM/ECF system's pagination unless otherwise indicated.

Dist. Ct. July 18, 2018)).)[2]  Officer Marben woke Aery up, Aery exited his car (it is unclear whether law enforcement forcibly removed him), and, after Officer David Fry arrived at the scene, Aery was pat-searched.  (Dkt. 1-1 at 2-3.)  A methamphetamine "bubble" pipe and a bag of suspected methamphetamine were found on his person.  (*Id.* at 3.)

On July 17, 2018, a Dakota County judge signed a criminal complaint charging Aery with one count of Controlled Substance Crime in the 5th Degree (possession). (Dkt. 29-1 at 1, 4.)  Agent Joel Horazuk was the declarant who signed the Statement of Probable Cause under penalty of perjury, and Defendant Conor Cremens ("Defendant" or "Cremens"), an Assistant Dakota County Attorney, approved the criminal complaint for that charge as the prosecuting attorney.  (*Id.* at 3.)  On July 12, 2019, Cremens appeared on behalf of the State at a contested omnibus hearing on Aery's motion to suppress evidence before Dakota County District Court Judge Karen J. Asphaug.  (Dkt. 1-1 at 1.)

---

[2]     The Court may take judicial notice of matters of public record, such as state court proceedings, on a motion to dismiss.  *See Porous Media Corp. v. Pall Corp.*, 186 F.3d 1077, 1079 (8th Cir. 1999); *Bellino v. Grinde*, No. 18-CV-1013 (NEB/LIB), 2019 WL 368398, at *1 n.1 (D. Minn. Jan. 30, 2019) (citing cases).  The Court notes that Aery has attached copies of certain state-court documents as exhibits to the Complaint.  (*See* Dkt. 1 at 8).  These documents have handwriting on them (*see generally* Dkt. 1-1) and the first document, the Order and Memorandum from *Minnesota v. Aery*, No. 19HA-CR-18-1802 (Minn. Dist. Ct. Aug. 12, 2019), appears to be missing pages (*see id.* at 5 (ending mid-sentence)).  Aery also attached what appears to be a letter brief his defense lawyer sent to Dakota County District Court Judge Karen J. Asphaug in support of a suppression motion he filed in the criminal case arising from the May 12, 2018 incident.  (*Id.* at 6-8.) Cremens did not contest the authenticity of these documents and relied on the facts in the Order and Memorandum to support his Motion.  (*See* Dkt. 28 at 2.)  Consequently, the Court considers these exhibits to the Complaint on this Motion.  *See Porous Media Corp.*, 186 F.3d at 1079.

Judge Asphaug allowed the parties to brief the issue and issued a decision on August 12, 2019. (*Id.*) Judge Asphaug noted that "the State concede[d] that the officers' search of [Aery's] person was impermissible on its face," and so found that "the search as it occurred was [not] constitutional." (*Id.* at 3.) "The State argue[d] nonetheless that the evidence obtained therefrom constitutes inevitable discovery, because the officers had probable cause to arrest [Aery] on a DWI charge." (*Id.*) Judge Asphaug ultimately found that "[t]here was not sufficient probable cause for charging [Aery] with a DWI" and granted his motion to suppress the evidence from the May 20, 2018 search. (*Id.* at 1, 5.)

Aery filed the Complaint in this action on January 6, 2020, titled "Complaint for Violation of Civil Rights Under 42 U.S.C. § 1983" and naming Officers Marben and Fry, as well as Cremens, as defendants. (Dkt. 1 at 1, 4-5, 7-8; Dkt. 1-1 at 2.) The parties later filed a "Stipulation of Dismissal of Defendants Sean Marben and David Fry With Prejudice" (Dkt. 44), and Chief U.S. District Judge John R. Tunheim dismissed Aery's claims against Officers Marben and Fry on September 30, 2020. (Dkt. 46 at 1.) The parties also stipulated to the addition of the City of Apple Valley ("Apple Valley"), and Chief Judge Tunheim added Apple Valley as a party in his September 30 Order. (*Id.*) The parties later stipulated to Apple Valley's dismissal (Dkt. 47), and Chief Judge Tunheim dismissed Aery's claims against Apple Valley on October 9, 2020. (Dkt. 49 at 1.) Consequently, Cremens is the sole remaining defendant in this action.

As to Cremens, Aery's Complaint alleges as follows:

> A.    On July 12, 2019; in [the Dakota county case], Connor Cremens Falsely arrested me in his individual and official capacity by

knowing continuing to prosecute me once he had facts proving an improper Terry search and DWI following my arrest.

       B.    On July 12, 2019; in [the Dakota county case], Connor Cremens maliciously prosecuted me in his individual and official capacity by claiming my arrest and search were due to suspicion of DWI when he had information proving otherwise.

       C.    On July 12, 2019; in [the Dakota county case], Connor Cremens, violated my 4th Amendment right by allowing illegal search and seizure of my person and property in his individual and official capacity due to an improper Terry search and a false DWI arrest/prosecution claim.

       D.    On May 20, 2018; in [the Dakota county case] Connor Cremens falsely imprisoned me without probably cause in his individual and official capacity.

       E.    On May 20, 2018; in [the Dakota county case] Connor Cremens in his individual and official capacity was negligent in his breach of duty by causing me to lose both my jobs.

(Dkt. 1 at 4-5, ¶¶ A-E (cleaned up).)

In his request for relief, Aery stated in full, "Due to violation of my civil rights and loss of employment from two employers I demand judgement for relief sought in excess of $50,000.00 in damages. (*Id.* at 5.)

On June 22, 2020, Cremens filed the Motion, seeking dismissal of the Complaint for failing to comply with pleading requirements and for failure to state a claim upon which relief can be granted. (Dkt. 32; *see also* Dkt. 28.) The Court ordered Aery to file a responsive memorandum, due August 7, 2020, and permitted Cremens to file a reply, due

August 21, 2020.  (Dkt. 34 at 3.)  Aery filed his response on July 8, 2020 (Dkt. 36), and Cremens filed a reply on August 4, 2020 (Dkt. 39).[3]

## II.    LEGAL STANDARD

In considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the pleadings are construed in the light most favorable to the non-moving party, and the facts alleged in the complaint must be taken as true.  *See Ashley Cty., Ark. v. Pfizer, Inc.*, 552 F.3d 659, 665 (8th Cir. 2009).  In addition, a court must afford the plaintiff all reasonable inferences from those allegations.  *See Blankenship v. USA Truck, Inc.*, 601 F.3d 852, 853 (8th Cir. 2010).  At the same time, to withstand a motion to dismiss under Rule 12(b)(6), litigants must properly plead their claims under Federal Rule of Civil Procedure 8 and meet the principles articulated by the United States Supreme Court in *Iqbal* and *Twombly*.

Under Rule 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  The pleading standard articulated by Rule 8 "does not require detailed factual allegations, but it [does demand] more than an unadorned, the-defendant-unlawfully-harmed-me-accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citations omitted).  "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'"  *Id.* (quoting *Bell Atl. Corp. v. Twombly*,

---

[3]    Aery also filed a "Reply" to Cremens' Answer (Dkt. 35), which is not a proper pleading, *see* Fed. R. Civ. P. 12(a)(1)(B)-(C), but the Court has nonetheless considered Aery's arguments in the "Reply" with respect to the Motion.

550 U.S. 544, 555 (2007)).  Thus, to "survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Id.* (quoting *Twombly*, 550 U.S. at 570).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.* (quoting *Twombly*, 550 U.S. at 556).  "[T]he plausibility standard, which requires a federal court complaint to state a claim for relief that is plausible on its face, . . . asks for more than a sheer possibility that a defendant has acted unlawfully."  *Ritchie v. St. Louis Jewish Light*, 630 F.3d 713, 717 (8th Cir. 2011) (internal quotation and citation omitted). "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  *Iqbal*, 556 U.S. at 679 (citation omitted).

> Following *Twombly* and consistent with *Iqbal*, the Eighth Circuit explained:
>
> While a plaintiff need not set forth detailed factual allegations or specific facts that describe the evidence to be presented, the complaint must include sufficient factual allegations to provide the grounds on which the claim rests. A district court, therefore, is not required to divine the litigant's intent and create claims that are not clearly raised, and it need not conjure up unpled allegations to save a complaint.

*Gregory v. Dillard's, Inc.*, 565 F.3d 464, 473 (8th Cir. 2009) (cleaned up).  Pro se complaints are construed liberally, but they still must allege sufficient facts to support the claims advanced.  *See Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004) (citations omitted).

If matters outside the pleadings "are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." Fed. R. Civ. P. 12(d). "Though matters 'outside the pleadings' may not be considered in deciding a Rule 12 motion to dismiss, documents necessarily embraced by the complaint are not matters outside the pleading." *Zean v. Fairview Health Servs.*, 858 F.3d 520, 526 (8th Cir. 2017) (quoting *Enervations, Inc. v. Minn. Mining & Mfg. Co.*, 380 F.3d 1066, 1069 (8th Cir. 2004)). Thus, while courts primarily consider the allegations in the complaint in determining whether to grant a Rule 12(b)(6) motion, courts additionally consider items subject to judicial notice, matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint whose authenticity is unquestioned, without converting the motion into one for summary judgment. *Id.*; *see also Miller v. Redwood Toxicology Lab, Inc.*, 688 F.3d 928, 931 n.3 (8th Cir. 2012).

## III.    ANALYSIS

Cremens moves the Court to dismiss Aery's Complaint in its entirety based on Federal Rules of Civil Procedure 8(a)(2) and 12(b)(6). (Dkt. 32.) Cremens argues that "Aery's Complaint, as it relates to Cremens, fails to comply with the general pleading requirements of the Federal Rules," specifically Rule 8(a)(2), because "[a]ll of the claims against Cremens are legal conclusions with no factual support." (Dkt. 28 at 4-6.) Cremens argues in the alternative for dismissal pursuant to Rule 12(b)(6) because absolute prosecutorial immunity defeats all of the individual capacity claims and because "Aery has not asserted any claims or pled any facts that suggest a policy, custom, or

7

inadequate training or supervision" as is required for official capacity liability. (*Id.* at 7-11). Cremens seeks dismissal with prejudice. (*Id.* at 12.)

**A.    Claims Against Cremens in His Individual Capacity**

The Court begins with Cremens' argument that Aery's Complaint should be dismissed with respect to the individual capacity claims against Cremens because absolute prosecutorial immunity applies to all of those claims. (Dkt. 28 at 7-10.) Aery titled his Complaint as one for "Violation of Civil Rights Under 42 U.S.C. § 1983"[4] and asserted claims of false arrest, malicious prosecution, violation of his Fourth Amendment rights "by allowing illegal search and seizure of [his] person and property," false imprisonment, and negligence against Cremens in his individual, as well as official, capacity. (Dkt. 1 at 1, 4-5, ¶¶ A-E.)

The Court first addresses Aery's sole constitutional claim of an illegal search and seizure in violation of the Fourth Amendment. Prosecutors have absolute immunity from § 1983 liability for "acts undertaken by a prosecutor in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of [a prosecutor's] role as an advocate for the State." *Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993); *see also Hartmann v. Schauer*, No. 16-CV-3970 (PJS/BRT), 2017 WL 9249433, at *5 (D. Minn.

---

[4]    "To state a claim under 42 U.S.C. § 1983, a plaintiff must show that he was deprived of a right secured by **the Constitution and the laws of the United States** and that the deprivation was committed by a person acting under color of state law." *Alexander v. Hedback*, 718 F.3d 762, 765 (8th Cir. 2013) (emphasis added). Section 1983 applies only to the alleged violation of the Fourth Amendment, as Aery's other claims (false arrest, malicious prosecution, negligence, and false imprisonment) are state law claims. (*See* Dkt. 1 at 4-5, ¶¶ A-E.)

8

July 5, 2017) (citing cases), *R.&R. adopted*, 2017 WL 3575851 (D. Minn. Aug. 18, 2017). The U.S. Supreme Court has stated that such acts specifically include "the professional evaluation of the evidence assembled by the police." *Buckley*, 509 U.S. at 273. Furthermore, absolute immunity applies to actions taken "in initiating a prosecution and in presenting the State's case." *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976); *see also Woodworth v. Hulshof*, 891 F.3d 1083, 1089 (8th Cir. 2018) (quoting *Burns v. Reed*, 500 U.S. 478, 486 (1991) (quoting *Imbler*)).

To be sure, exceptions to this absolute immunity apply where a prosecutor acts in an "investigatory" or "administrative" capacity. *See, e.g.*, *Hartman v. Moore*, 547 U.S. 250, 262 n.8 (2006) (citing cases); *Woodworth*, 891 F.3d at 1089 (quoting *Buckley*, 509 U.S. at 273-74). But Aery's claim concerning Cremens' alleged violation of Aery's Fourth Amendment rights relates to Cremens' conduct in presenting the State's case: the Complaint identifies July 12, 2019 as the date of the violation—the day of the hearing on Aery's motion to suppress evidence (Dkt. 1-1 at 1)—and states that Cremens "allow[ed] illegal search and seizure . . . due to an improper Terry search and a false DWI arrest/prosecution claim" (Dkt. 1 at 4, ¶ C), presumably by arguing against suppression. Cremens' advocacy and arguments at the July 12, 2019 hearing "were intimately associated with the judicial phase of the criminal process, and thus were functions to which the reasons for absolute immunity apply with full force." *Imbler*, 424 U.S. at 430.

In his response to the Motion, Aery argues that "Cremens acted outside his role as advocate by executing certification of probable cause by signing before Complainant and fabricating evidence of DWI when reviewing affidavit for probable cause during

investigatory phase of case which provides waiver of absolute immunity and qualified immunity through violation of policies and procedures . . . ." (Dkt. 36 ¶ 10.)[5]  This argument, which appears to be referring to Cremens' approval of the complaint as the prosecuting attorney (*see* Dkt. 29-1 at 3), is unpersuasive because it misunderstands Cremens' role with respect to the criminal complaint and is contrary to law.

In *Schenk v. Chavis*, the Eighth Circuit considered whether absolute prosecutorial immunity applied to a prosecutor's acts in signing a criminal complaint under oath.  461 F.3d 1043, 1046 (8th Cir. 2006).  The Eighth Circuit held:

> The acts of preparing, signing, and filing a criminal complaint constitute prosecutorial functions, as they are advocacy on behalf of the government. As such, [the prosecutor's] filing of the criminal Complaint in this case constitutes a prosecutorial function and [the prosecutor] is therefore entitled to absolute immunity from liability under § 1983 for filing the criminal Complaint.

*Id.*

In a more recent case in this District applying *Schenk* to a criminal complaint signed under Minnesota law, U.S. District Judge Michael J. Davis found that "[r]eviewing, approving, and executing [an] Arrest Warrant Complaint were prosecutorial functions that were essential parts of the commencement of criminal charges, subject to absolute prosecutorial immunity."  *Saterdalen v. Spencer*, No. CIV.

---

[5]    Aery referred to the fact that Cremens signed the criminal complaint before the complainant with respect to several points in his response.  (Dkt. 36 ¶¶ 2, 7, 8, 10, 11.)  It is unclear how this would support a § 1983 claim, and, in any event, this does not demonstrate that Cremens was acting in a role outside the scope of absolute immunity.

11-3131 MJD/TNL, 2012 WL 2885167, at *4 (D. Minn. July 13, 2012), *aff'd*, 725 F.3d

838 (8th Cir. 2013).  In so holding, Judge Davis explained:

> Minnesota law requires the signature of a prosecutor before a complaint will issue, Minn. R. Crim. P. 2.02, demonstrating that, under Minnesota law, Spencer was acting in the role of a prosecutor when he signed.  Moreover, his signature was not under oath and did not attest to the truth of the facts in the probable cause statement.  Spencer was acting as an advocate in a prosecutorial function—one required to be performed by prosecutors under Minnesota law. Therefore, he is entitled to absolute prosecutorial immunity.

*Id.* at *5.

Although Aery refers to Cremens having "execut[ed] certification of probable

cause" (Dkt. 36 ¶ 10), Cremens did no such thing.  Rather, Cremens, just like the

prosecutor in *Saterdalen*, did not attest to the truth of the factual averments in the

certification of probable cause and instead signed the criminal complaint as the

prosecutor.  (*See* Dkt. 29-1 at 3.)

This is a critical difference, and it is the reason why Aery's reliance on *Kalina v.

Fletcher*, 522 U.S. 118 (1997), is inapposite.  (*See* Dkt. 36 ¶ 10 n.16 (citing *Kalina*).)  In

*Kalina*, the Supreme Court concluded that a prosecutor's "activities in connection with

the preparation and filing of two of the three charging documents—the information and

the motion for an arrest warrant—are protected by absolute immunity" and that "except

for her act in personally attesting to the truth of the averments in the certification, it

seems equally clear that the preparation and filing of the third document in the package

was part of the advocate's function as well."  522 U.S. at 129.  Regarding the

prosecutor's personal attestation to the truth of the averments in the certification, the

Court concluded that she was acting as a complaining witness, not as a lawyer, and so

11

absolute immunity did not apply.  *Id.* at 129-31.  Here, however, Cremens did not personally attest to the truth of the averments in the criminal complaint; it was Agent Horazuk who did so.  (Dkt. 29-1 at 3.)

Aery also argues in his opposition that Cremens fabricated evidence of a DWI when reviewing the affidavit, and, relying on *Fields v. Wharrie*, 740 F.3d 1107, 1114 (7th Cir. 2014), contends this conduct falls outside the scope of absolute prosecutorial immunity.  (*See* Dkt. 36 ¶ 10 & n.18.)  But *Fields* concerned the actions of a prosecutor's pre-prosecution investigative work, specifically fabrication of evidence during that phase, and there are no allegations in the Complaint (or in the record) as to any pre-prosecution investigative work (much less fabrication of evidence) by Cremens.[6]

Aery also cites *Mink v. Suthers*, 482 F.3d 1244 (10th Cir. 2007), for the proposition that a "[p]rosecutor [is] not absolutely immune when reviewing [an] affidavit for probable cause during [the] investigatory phase of case."  (Dkt. 36 ¶ 10 & n.19.)  In *Mink*, a district attorney's review of an affidavit in support of a search warrant during a "nascent investigation" was found to "squarely fall[] on the side of investigatory legal advice, and not advocacy before a judicial body."  482 F.3d 1244, 1262-63 (10th Cir. 2007).  This case, however, involves a criminal complaint (not a search warrant), and a prosecutor's approval of a criminal complaint falls squarely within the realm of actions taken "in initiating a prosecution and in presenting the State's case" that are entitled to

---

[6]    The Complaint also does not allege any facts plausibly suggesting that Cremens fabricated evidence.

absolute prosecutorial immunity.  *See Imbler*, 424 U.S. at 431; *Schenk*, 461 F.3d at 1046; *Saterdalen*, 2012 WL 2885167, at \*4-5.

Finally, to the extent that Aery argues that Cremens was incorrect when he decided to pursue a criminal case against Aery or contend before the state court that the May 20, 2018 search was not unconstitutional, Cremens "does not have to defend alleged prosecutorial mistakes if those mistakes occurred in the performance of a function recognized as inherent in his role as advocate for the state." *Brodnicki v. City of Omaha*, 75 F.3d 1261, 1268 (8th Cir. 1996).

Absolute immunity thus applies to Cremens.  The Court therefore recommends dismissing Aery's individual capacity § 1983 claim against Cremens with prejudice.  *See Figg v. Russell*, 433 F.3d 593, 597-98 & n. 1 (8th Cir. 2006) (affirming district court's dismissal of § 1983 claim with prejudice on ground that each defendant was entitled to absolute immunity); *Milliman v. Ray*, No. CV16-1209 (JRT/HB), 2016 WL 4974946, at \*6 (D. Minn. Sept. 16, 2016) ("[D]ismissal with prejudice, rather dismissal without prejudice or transfer [where the Court lacks personal jurisdiction over prosecutor-defendant Hutchings], is the proper result because there are no factual allegations even suggesting that Hutchings would not be entitled to absolute immunity."), *aff'd sub nom. Milliman v. Driver License Compact Comm'r*, No. 16-4023, 2017 WL 4995816 (8th Cir. Feb. 27, 2017), and *aff'd sub nom. Milliman v. Driver License Compact Comm'r*, No. 17-2715, 2018 WL 732392 (8th Cir. Jan. 2, 2018); *Holmseth v. City of E. Grand Forks*, No. CIV. 14-2970 DWF/LIB, 2015 WL 4488424, at \*2-3, \*27 (D. Minn. July 23, 2015) (adopting report and recommendation stating, "Because all of Plaintiff's claims against [a

prosecutor defendant] are barred by absolute immunity and fail as a matter of law at the outset, the claims should be DISMISSED with prejudice," and citing *Davis v. S. Dakota Dep't of Corr.*, No. CIV. 054016, 2005 WL 1593050, at *1 (D.S.D. June 30, 2005)); *Davis*, 2005 WL 1593050, at *1 ("Defects which cannot be cured by amendment are recommended for dismissal with prejudice because as a matter of law plaintiff's allegations fail to state a claim upon which relief can be granted against those defendants and because the defect cannot be cured by amendment.").

This leaves the state-law claims against Cremens in his individual capacity. (Dkt. 1 at 4-5, ¶¶ A, B, D, E.) Minnesota law has its own doctrine of absolute prosecutorial immunity, under which "public prosecutors, when acting within the scope of their duties by filing and maintaining criminal charges, are absolutely immune from civil liability." *Stresemann v. Jesson*, 868 N.W.2d 32, 34-35 (Minn. 2015) (quoting *Brown v. Dayton Hudson Corp.*, 314 N.W.2d 210, 214 (Minn. 1981)); *see also Gearin v. Rabbett*, No. 10-CV-2227 PJS/AJB, 2011 WL 317728, at *6 (D. Minn. Jan. 28, 2011) (quoting *Brown*, 314 N.W.2d at 214) ("The Minnesota Supreme Court has provided immunity to prosecutors from state-law claims that is similar in scope to the immunity that prosecutors enjoy from federal-law claims: . . . ."); *Willis v. Tarasen*, No. CIV.04-4110(JMR/FLN), 2005 WL 1270729, at *5 (D. Minn. May 6, 2005) (citing *Brown*, 314 N.W.2d at 210, and *Imbler*, 424 U.S. 439) ("Whether the claim is based on state common law tort claims, such as malicious prosecution or defamation, or federal civil rights claims, a prosecutor is absolutely immune from civil liability."), *R.&R. adopted*, 2005 WL 1514135 (D. Minn. June 27, 2005). Aery's false arrest and malicious prosecution

allegations in the Complaint, which are based on Cremens' prosecution of him and actions at the hearing "[o]n July 12, 2019," concern Cremens' conduct in "filing and maintaining" the criminal charge against Aery.  (*See* Dkt. 1 at 4, ¶¶ A, B.)

In contrast, the false imprisonment and negligence allegations refer to May 20, 2018.  (*See id.* at 5, ¶¶ D, E.)  But Aery did not allege any facts suggesting Cremens was at all involved with the arrest and search on May 20, 2018, which is why the Court recommends dismissal of these claims under Rule 12(b)(6) in Section III.D.  In his response, Aery seems to argue that Cremens is somehow responsible for Officers Marben and Fry's conduct on May 20, 2018 because Cremens relied on those events in connection with the criminal complaint and July 12, 2019 hearing, and that Cremens is trying to "protect himself and [Officers Marben and Fry]" and "cover[] his trail previous to this current attempt" in connection with the May 20, 2018 events.  (Dkt. 36 ¶ 6.)  Setting aside the lack of legal support for this theory of retroactive liability (also discussed in Section III.D), in the context of prosecutorial immunity, it is enough to say that Aery's claims based on this theory are barred by Minnesota's prosecutorial-immunity doctrine because they rely on acts taken by Cremens in connection with the criminal complaint and July 12, 2019 hearing.  For these reasons, the Court recommends dismissal of Aery's state law claims against Cremens in his individual capacity as barred by absolute prosecutorial immunity.

**B.  Section 1983 Claim Against Cremens in His Official Capacity**

With respect to the official capacity claims, Cremens argues, "Because Aery has not asserted any claims or pled any facts that suggest a policy, custom, or inadequate

training or supervision, Dakota County cannot be held liable for any official-capacity claims." (Dkt. 28 at 10-11.)

Under § 1983, a local government (such as a county government) is subject to liability only "if the governmental body itself 'subjects' a person to a deprivation of rights or 'causes' a person 'to be subjected' to such deprivation." *Connick v. Thompson*, 563 U.S. 51, 60 (2011) (quoting *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 692 (1978)); *see also Al-Kadi v. Ramsey Cty.*, No. 16-CV-2642 (JRT/TNL), 2019 WL 2448648, at \*15 (D. Minn. June 12, 2019) (quoting *Connick*). For a governmental entity to itself subject someone to a deprivation, it is not enough that the entity's employees do the depriving: "local governments are responsible only for their *own* illegal acts" and "are not vicariously liable under § 1983 for their employees' actions." *See, e.g., Connick*, 563 U.S. at 60 (citations and marks omitted); *LaBeau v. Sorenson*, No. 18-CV-0651 (NEB/LIB), 2019 WL 7284109, at \*5 (D. Minn. Dec. 27, 2019) (quoting *Connick*). Further, "[a] suit against a government official in his or her official capacity is 'another way of pleading an action against an entity of which an officer is an agent.'" *Baker v. Chisom*, 501 F.3d 920, 925 (8th Cir. 2007) (quoting *Monell*, 436 U.S. at 690 n.55); *see also Gorman v. Bartch*, 152 F.3d 907, 914 (8th Cir. 1998) (citation omitted) ("Claims against individuals in their official capacities are equivalent to claims against the entity for which they work . . . ."). Here, since Cremens was an Assistant Dakota County Attorney (Dkt. 1-1 at 1), the relevant government entity is Dakota County.

"Official-capacity liability under 42 U.S.C. § 1983 occurs only when a constitutional injury is caused by a government's policy or custom, whether made by its

lawmakers or by those whose edicts or acts may fairly be said to represent official policy." *Gladden v. Richbourg*, 759 F.3d 960, 968 (8th Cir. 2014) (cleaned up). A municipal entity's liability can result from "(1) an official municipal policy, (2) an unofficial custom, or (3) a deliberately indifferent failure to train or supervise." *Jackson v. Stair*, 944 F.3d 704, 709 (8th Cir. 2019) (quotation marks omitted) (quoting *Corwin v. City of Independence*, 829 F.3d 695, 699 (8th Cir. 2016)); *see also Atkinson v. City of Mountain View*, 709 F.3d 1201, 1214 (8th Cir. 2013) (citations omitted).

Numerous cases explain how to allege a relevant policy, custom, or failure to train, but reviewing that precedent is unnecessary here. The Complaint does not say anything about a Dakota County policy, custom, or failure to train with respect to Aery's only constitutional claim or otherwise. (*See* Dkt. 1 at 4-5, ¶¶ A-E.)

> Aery attempts to cure this deficiency in his response by arguing as follows:
>
> Cremens official-capacity responsibility is based on his reasoning to defend Marben and Fry having a reason to search; based up on a made up DWI, following an unconstitutional Terry search, after unlawfully detaining Plaintiff without probable cause. Cremens was obviously lacking proper training for failure to know what constitutes probable cause and signing off on complaints that are not yet attested to and lack of supervision when deciding to pursue charges against an innocent person.

(Dkt. 36 ¶ 11 (citations omitted).)[7] The Court need not consider these arguments because they are not alleged in the Complaint. Moreover, to the extent Aery is arguing "a

---

[7]     Aery also argues that "Cremens acted as final decision maker when he signed statement of probable cause." (Dkt. 36 ¶ 8.) But this argument misunderstands how decision-making can create § 1983 liability: "[N]ot every decision by municipal officers automatically subjects the municipality to § 1983 liability. Municipal liability attaches only where the decisionmaker possesses final authority to establish municipal policy with respect to the action ordered." *Pembaur v. City of Cincinnati*, 475 U.S. 469, 481 (1986).

deliberately indifferent failure to train or supervise," *see Jackson*, 944 F.3d 709, he has

not alleged facts plausibly supporting such a claim, *see Iqbal*, 556 U.S. at 678; *see also*

*Ulrich v. Pope Cty.*, 715 F.3d 1054, 1061 (8th Cir. 2013) ("There must be a causal

connection between the municipal policy or custom and the alleged constitutional

deprivation in order to state a valid claim under § 1983.") (listing requirements for stating

a viable § 1983 claim for failure to adequately supervise and train).

As such, the official capacity § 1983 claim for violation of Aery's Fourth

Amendment rights against Cremens should be dismissed for failure to state a claim for

relief.  Defendant seeks dismissal with prejudice.  (Dkt. 28 at 10; Dkt. 33 (proposed

order).)  "Federal courts have disagreed to some extent over whether a dismissal under

Rule 12(b)(6) is normally one with prejudice or without prejudice."  *Miles v. Simmons*

*Univ.*., No. 20-CV-2333 (ECT/KMM), 2021 WL 195798, at *7 (D. Minn. Jan. 20, 2021)

(internal quotation marks and citation omitted) (reviewing Eighth Circuit precedent and

concluding that "courts ultimately have discretion to decide between a with-prejudice and

without-prejudice dismissal").  Here, the Court recommends that the dismissal of the

official capacity § 1983 claim against Cremens be without prejudice.  *See Holmseth*,

2015 WL 4488424, at *20 ("There is a split in practice among the Federal courts about

whether a Rule 12(b)(6) dismissal is normally one with prejudice or without prejudice.

While the Eighth Circuit does not appear to have addressed the issue directly, decisions

from the Eighth Circuit and this Court generally favor dismissals under Rule 12(b)(6)

---

There is no allegation that Cremens is a decisionmaker with respect to a Dakota County
policy.

without prejudice, at least where there is no evidence of persistent pleading failures.")
(footnote omitted) (collecting Eighth Circuit cases); *id.* at n.12 (collecting cases from
other Circuits).

**C.    State Law Claims Against Cremens in His Official Capacity**

The Court next considers Aery's state law claims against Cremens in his official

capacity.  Cremens makes a cursory argument that "Dakota County cannot be held liable

for *any* official-capacity claims."  (Dkt. 28 at 11 (emphasis added).)  Here, given the

brevity of the argument and where the Court recommends dismissal of Aery's sole

federal claim, the Court believes the better course is to decline to exercise supplemental

jurisdiction over Aery's state law claims against Cremens in his official capacity.[8]

Under 28 U.S.C. § 1367(c)(3), the Court may decline to exercise supplemental

jurisdiction over a claim if "the district court has dismissed all claims over which it has

original jurisdiction."  "[W]hen federal claims are resolved before trial, the normal

practice is to dismiss pendent claims without prejudice, thus leaving plaintiffs free to

pursue their state-law claims in the state courts, if they wish."  *Marianist Province of

United States v. City of Kirkwood*, 944 F.3d 996, 1003 (8th Cir. 2019) (internal quotation

marks and citation omitted).  "[F]ederal courts should exercise judicial restraint and avoid

---

[8]    The Court could also decline to exercise its supplemental jurisdiction over Aery's
state law claims against Cremens in his individual capacity.  However, the Court
recommends in Section III.A that these claims be dismissed with prejudice on the
grounds of absolute prosecutorial immunity because "there are no factual allegations
even suggesting that [Cremens] would not be entitled to absolute immunity."  *Milliman*,
2016 WL 4974946, at *6; *see also Holmseth*, 2015 WL 4488424, at *27 (dismissing
claims with prejudice where claims "are barred by absolute immunity and fail as a matter
of law at the outset").

state law issues wherever possible." *Thomas v. Dickel*, 213 F.3d 1023, 1026 (8th Cir. 2000) (citation omitted). Considering the early stage of this litigation and the ability to adjudicate the remaining claims in state court, the Court recommends declining to exercise supplemental jurisdiction and dismissing the state law claims without prejudice.

**D.    Sufficiency of Pleadings Under Rule 8(a)(2)**

As an alternative ground for dismissal, the Court also concludes that Aery's claims against Cremens should be dismissed for failure to state a claim upon which relief can be granted. Cremens argues that "Aery's Complaint, as it relates to Cremens, fails to comply with the general pleading requirements of the Federal Rules and as a result must be dismissed," and that "[a]ll of the claims against Cremens are legal conclusions with no factual support." (Dkt. 28 at 4-5.) The Court agrees.

To "survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). The factual matter in Aery's Complaint, in each of his claims against Cremens, for the most part amounts to a date followed by a conclusory assertion that Cremens committed the tort or constitutional violation. (*See* Dkt. 1 at 4-5, ¶¶ A-E.)

As to Aery's false arrest claim, he asserts that Cremens "had facts proving an improper terry search and DWI following my arrest." (*Id.* ¶ A.) This is not a plausible false arrest claim as to Cremens because no facts are alleged in the Complaint suggesting that Cremens had any involvement when Aery was arrested on May 20, 2018. Aery's Fourth Amendment claim (*id.* ¶ C) based on the *Terry* search and arrest fails for the same

20

reason.  In his response, Aery tries to cure these deficiencies by suggesting that Cremens
was trying to "protect himself and [Officers Marben and Fry]" and "covering his trail
previous to this current attempt" in connection with the May 20, 2018 events.  (Dkt. 36
¶ 6.)  The Court rejects this argument because there are no corresponding allegations in
the Complaint (much less factual allegations),[9] and more importantly, this argument is
based on a theory of retroactive liability that is not supported by the law.

     The claim for false imprisonment (Dkt. 1 at 5, ¶ D) is similarly flawed.  To the
extent Aery is trying to hold Cremens liable for Aery's post-arrest detention, the Court
rejects that retroactive theory of liability.  To the extent Aery is alleging false
imprisonment based on the criminal complaint or July 12, 2019 hearing, the Order for
Writ from the state court case shows that Aery was already in the custody of the
Commissioner of Corrections on July 12, 2019 (Dkt. 29-2), rendering any false
imprisonment claim implausible.

     As to the malicious prosecution claim, Aery alleges that Cremens had
"information proving otherwise" in the malicious prosecution claim.  (Dkt. 1 at 4, ¶ B.)
But Aery has not alleged what that "information" was when Cremens approved the
criminal complaint or made his arguments at the hearing.  Finally, as to the negligence
claim that Cremens breached a duty or "caused [Aery] to lose both [his] jobs," Aery has

---

[9]    A response to a motion to dismiss is the incorrect mechanism to add new
allegations to a complaint.  Allegations made in subsequent legal memoranda should not
be used to correct deficiencies within a complaint.  *See Martin v. ReliaStar Life Ins. Co.*,
710 F. Supp. 2d 875, 887 (D. Minn. 2010) (citation omitted).  "To hold otherwise would
mean that a party could unilaterally amend a complaint at will."  *Morgan Distrib. Co. v.
Unidynamic Corp.*, 868 F.2d 992, 995 (8th Cir. 1989) (citation omitted).

not alleged any facts suggesting Cremens had any duty to Aery, any connection with the May 20, 2018 arrest, or any facts suggesting Cremens was in any way connected to Aery's loss of two jobs.  (*See id.* at 5, ¶ E.)  Again, to the extent Aery seeks to hold Cremens retroactively liable for Officers Marben and Fry's conduct, that is not a plausible theory.

Accordingly, in the alternative, the Court recommends dismissal without prejudice of Aery's claims against Cremens for failure to state a claim.

## E.    Aery's Request to Amend

As a final matter, Aery requested that the Court allow him "as a pro se litigant . . . to amend complaint if allegations found to be insufficient to state a claim."  (Dkt. 36 ¶ 3.)  Aery could have amended his Complaint "as a matter of course"—that is, without needing the Court's or opposing party's permission—within twenty-one days after service of the Motion.  Fed. R. Civ. P. 15(a)(1)(B).  He did not, and now amendment may only be made "with the opposing party's written consent or the court's leave," which a court should "freely give" "when justice so requires."  Fed. R. Civ. P. 15(a)(2).  Aery's request also does not comply with this Court's Local Rule for Amended Pleadings and Motions to Amend, which states, "Any motion to amend a pleading must be accompanied by: (1) a copy of the proposed amended pleading, and (2) a version of the proposed amended pleading that shows . . . how the proposed amended pleading differs from the operative pleading."  D. Minn. LR 15.1(b).

Because Aery "has failed to file a motion with the Court that specifically requests leave to amend and failed to submit a proposed amended complaint, the Court will not

22

treat his request as a motion." *Benjamin v. Experian Info. Sols., Inc.*, No. CIV. 14-810 JRT/JJG, 2014 WL 3509044, at *4 (D. Minn. July 15, 2014) (adopting report and recommendation that "note[d] that a conditional request to amend placed at the conclusion of a response memorandum is far from ideal," and recommended denial of pro se plaintiff's "one-sentence conditional request" contained in his response memorandum and dismissal without prejudice); *see also Gomez v. Wells Fargo Bank, N.A.*, 676 F.3d 655, 665 (8th Cir. 2012) ("A district court does not abuse its discretion in failing to invite an amended complaint when plaintiff has not moved to amend and submitted a proposed amended pleading.") (quoting *Drobnak v. Andersen Corp.*, 561 F.3d 778, 787 (8th Cir. 2009)).  The Court cannot permit Aery leave to amend when the Court does not have a proposed amendment before it to review, particularly when the Court has concerns that the proposed amendment would be futile.  The Court consequently recommends denying Aery's request for leave to amend without prejudice.

## IV.    RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS RECOMMENDED THAT**:

1.    Defendant Connor Cremens' Motion to Dismiss (Dkt. 32) be **GRANTED**; and

2.    This action be **DISMISSED** as follows:

   a.  Plaintiff James Paul Aery's individual capacity claims against Defendant Connor Cremens be dismissed **WITH PREJUDICE**, and

b.  Plaintiff James Paul Aery's official capacity claims against Defendant

Connor Cremens be dismissed **WITHOUT PREJUDICE**.

DATED: January 28, 2021                                   *s/Elizabeth Cowan Wright*
                                                          ELIZABETH COWAN WRIGHT
                                                          United States Magistrate Judge

## NOTICE

**Filing Objections:**  This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation.  A party may respond to those objections within 14 days after being served a copy of the objections.  *See* Local Rule 72.2(b)(2).  All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).