**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

JAMES PAUL AERY,

Civil No. 20-55 (JRT/ECW)

Plaintiff,

v.

**MEMORANDUM OPINION AND ORDER**
**ADOPTING REPORT AND**
**RECOMMENDATION**

CONNOR CREMENS, *in his individual and*
*official capacity*,

Defendant*.*

James Paul Aery, address unknown, pro se.

Jacqlyn Warner, **DAKOTA COUNTY ATTORNEY'S OFFICE**, 1560 Highway 55,
Hastings, MN 55033, for defendant.

Plaintiff James Paul Aery was arrested and detained by Apple Valley police and
prosecuted by Dakota County for alleged criminal conduct, but the case against him was
then dismissed after evidence against him was suppressed.  Aery subsequently filed this
action, alleging that Defendant Connor Cremens, the Dakota County prosecutor in the
criminal case, violated 42 U.S.C. § 1983 and various state laws in relation to Aery's arrest,
detention, and prosecution.  Cremens has filed a Motion to Dismiss.

On January 28, 2021, the Magistrate Judge issued a Report and Recommendation
("R&R"), recommending that the Motion be granted.  Aery objects.  Because Cremens has
absolute immunity with respect to the claims asserted against him in his individual
capacity and Aery fails to allege a plausible § 1983 claim against Cremens in his official

-1-

capacity, and because the Court will decline to exercise jurisdiction over the pendent state

law official capacity claims, the Court will overrule Aery's objections, adopt the R&R, grant

Defendant's Motion to Dismiss, and dismiss the action.

## BACKGROUND

### I.  FACTUAL BACKGROUND

There are no objections to the factual statements contained in the R&R, which the

Court adopts and summarizes here.

On May 20, 2018, Apple Valley police came upon Aery in a vehicle parked at the

local Walmart.  (Compl. at 8, Ex. 1 ("Order") at 2, Jan. 6, 2020, Docket No. 1-1.)[1]  Aery

appeared to be asleep, so the officer knocked on the window.  (Order at 2.)  Aery then

exited the vehicle, and he appeared lethargic and pale.  (*Id.*)

Suspecting that Aery was under the influence, the officer pat-searched Aery, at

which time suspected drug paraphernalia was found in his pocket.  (*Id.* at 2–3.)  Aery was

handcuffed, after which a baggie of suspected drugs was found.  (*Id.* at 3.)  Aery was then

booked into jail.  (*Id.*)  Due to his arrest and detention, Aery lost both of his jobs.  (Compl.

at 5, 7, Jan. 6, 2020, Docket No. 1.)

On July 18, 2018, Aery was charged with possession of a controlled substance by

criminal complaint.  (Decl. of Jacqlyn Warner ¶ 3, Ex. 1 ("Crim. Compl.") at 1, June 22,

---

[1] The Court will consider the state court order that Aery submitted as an exhibit with his Complaint, as it is a matter of public record and is necessarily embraced by the Complaint.  *See Porous Media Corp. v. Pall Corp.*, 186 F.3d 1077, 1079 (8th Cir. 1999).

2020, Docket No. 29-1.)[2]  Cremens signed the complaint as the prosecuting attorney. (Crim. Compl. at 3.)

On July 12, 2019, a probable cause hearing was held on Aery's motion to suppress the drug-related evidence.  (Order at 1.)  Cremens appeared on behalf of the state.  (*Id.*)  On August 12, 2019, the state court granted Aery's motion, after first noting that Cremens conceded that the search of Aery's person was impermissible on its face and then rejecting Cremens's inevitable discovery argument.  (*Id.* at 3, 5.)  Accordingly, the state court dismissed the criminal complaint against Aery.  (*Id.* at 1.)

## II.  PROCEDURAL BACKGROUND

On January 6, 2020, Aery filed a Complaint, alleging a Fourth Amendment violation pursuant to 42 U.S.C. § 1983 and violations of state law for false arrest, malicious prosecution, false imprisonment, and Aery losing his two jobs due to negligence.  (Compl. 4–5.)  At this point, Cremens is the only remaining Defendant.  (2nd Order for Dismissal, Oct. 9, 2020, Docket No. 49; 1st Order for Dismissal, Sept. 30, 2020, Docket No. 46.) Cremens has filed a Motion to Dismiss.  (Mot. Dismiss, June 22, 2020, Docket No. 32.)

On January 28, 2021, the Magistrate Judge found that Cremens was entitled to absolute immunity with respect to the federal and state claims alleged against him individually, and therefore recommended dismissal of these claims with prejudice.  (R&R

---

[2] The Court also will consider the criminal complaint filed by Cremens, as it is necessarily embraced and not contradicted by the Complaint.  *See Porous Media Corp. v. Pall Corp.*, 186 F.3d 1077, 1079 (8th Cir. 1999).

at 13, 15, Jan. 28, 2021, Docket No. 54).  With respect to the claims alleged against Cremens in his official capacity, the Magistrate Judge found that Aery failed to state a plausible claim for relief pursuant to § 1983 and therefore recommended dismissal of this claim without prejudice, (*id.* at 18), and then recommended that the Court decline to exercise supplemental jurisdiction over the remaining state law claims or, alternatively, dismiss these claims for failure to state a claim, (*id.* at 19–20, 22.)  Finally, because Aery had not filed a motion to amend or submitted a proposed amended complaint, the Magistrate Judge recommended denying leave to amend.  (*Id.* at 22–23.)  Aery objects. (Obj. at 1, Feb. 17, 2020, Docket No. 59.)

## DISCUSSION

### I.  STANDARD OF REVIEW

Upon the filing of an R&R by a magistrate judge, "a party may serve and file specific written objections to the proposed findings and recommendations."  Fed. R. Civ. P. 72(b)(2); *accord* D. Minn. L.R. 72.2(b)(1).  "The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to."  Fed. R. Civ. P. 72(b)(3); *accord* D. Minn. L.R. 72.2(b)(3).  "The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions."  Fed. R. Civ. P. 72(b)(3); *accord* D. Minn. L.R. 72.2(b)(3).

### II.  MOTION TO DISMISS

In reviewing a motion to dismiss under Rule 12(b)(6), the Court considers all facts alleged in the complaint as true to determine if the complaint states a "'claim to relief that is plausible on its face.'"  *Braden v. Wal-Mart Stores, Inc.,* 588 F.3d 585, 594 (8th Cir. 2009) (quoting *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009)).  The Court construes the complaint in the light most favorable to the plaintiff, drawing all inferences in their favor. *See id.* at 595.  Although the Court accepts the complaint's factual allegations as true, and in the light most favorable to the plaintiff, it is "not bound to accept as true a legal conclusion couched as a factual allegation," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007), or mere "labels and conclusions or a formulaic recitation of the elements of a cause of action," *Iqbal*, 556 U.S. at 678 (quotation omitted).  Instead, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.*

## III. ANALYSIS

### A.  Individual Capacity Claims

#### 1.  Section 1983

Aery alleges only one federal constitutional violation, that Cremens violated Aery's Fourth Amendment right to be secure against unreasonable searches and seizures.  Of course, Cremens did not perform any search of Aery's person or effectuate his arrest. However, construing the Complaint liberally, the Court understands Aery to allege that Cremens's signing of the criminal complaint was a violation of the Fourth Amendment.

Yet, "[t]he acts of preparing, signing, and filing a criminal complaint constitute prosecutorial functions, as they are advocacy on behalf of the government," and Cremens "is therefore entitled to absolute immunity from liability under § 1983 for filing the criminal [c]omplaint against [Aery]." *Schenk v. Chavis*, 461 F.3d 1043, 1046 (8th Cir. 2006). Accordingly, Aery's § 1983 claim will be dismissed with prejudice. *See Figg v. Russell*, 433 F.3d 593, 597 (8th Cir. 2006) (stating that absolute immunity entirely defeats a claim).

### 2. State Law Claims

Aery alleges that Cremens falsely arrested, maliciously prosecuted, and falsely imprisoned him, and that Aery lost his two jobs because of Cremens's negligence. Regarding the false imprisonment and negligence claims, which the Court liberally construes as arising from Cremens's filing of the criminal complaint, Cremens is entitled to absolute immunity from liability under state law. *Brown v. Dayton Hudson Corp.*, 314 N.W.2d 210, 214 (Minn. 1981) ("The discretionary decision whether to charge and whether to continue a prosecution lies at the very heart of the prosecutorial function.").

Regarding the false arrest and malicious prosecution claims, which the Court liberally construes as arising from Cremen's appearance and arguments at the probable cause hearing, a prosecutor has absolute immunity with respect to conduct that is "intimately associated with the judicial phase of the criminal process," as when "initiating a prosecution and presenting the State's case." *Stresemann v. Jesson*, 868 N.W.2d 32, 35

-6-

(Minn. 2015) (citations omitted).  As such, Cremens has absolute immunity from liability with respect to these claims as well.

### 3.  Conclusion

In sum, Cremens has absolute immunity with respect to the federal and state law claims asserted against him individually, and these claims therefore fail as a matter of law. Accordingly, the Court will dismiss the individual capacity claims with prejudice.

### B.  Official Capacity Claims

### 1.  Section 1983

"Claims against individuals in their official capacities are equivalent to claims against the entity for which they work; they require proof that a policy or custom of the entity violated the plaintiff's rights, and the only type of immunity available is one belonging to the entity itself." *Gorman v. Bartch*, 152 F.3d 907, 914 (8th Cir. 1998).  "Unlike government officials, municipalities do not enjoy absolute immunity from suit under section 1983." *Sample v. City of Woodbury*, 836 F.3d 913, 917 (8th Cir. 2016).

Thus, Aery's official capacity § 1983 claim against Cremens will not be defeated simply because it arises out of prosecutorial actions, such as filing a criminal complaint or presenting the state's case at a probable cause hearing.  It is defeated, however, by Aery's failure to allege any facts demonstrating that Dakota County created, adopted, or supported an unconstitutional policy or custom or that the County failed to train or supervise its prosecutors with deliberate indifference. *Jackson v. Stair*, 944 F.3d 704, 709

(8th Cir. 2019); *Ulrich v. Pope Cty.*, 715 F.3d 1054, 1061 (8th Cir. 2013).  As such, Aery fails to state a plausible official capacity § 1983 claim to relief.  Yet, because the Court will dismiss this claim for pleading failures and not because it fails as a matter of law, the Court will do so without prejudice.

### 2.  State Law Claims

If a federal district court has dismissed all the federal claims over which the court has original jurisdiction, as is the case here, then the court may decline to exercise supplemental jurisdiction over the pendent state law claims.  *See* 28 U.S.C. § 1367(c).  "[T]he normal practice is to dismiss pendent claims without prejudice, thus leaving plaintiffs free to pursue their state-law claims in the state courts, if they wish."  *Marianist Province of United States v. City of Kirkwood*, 944 F.3d 996, 1003 (8th Cir. 2019) (quotation omitted).  The Court will follow normal practice and, accordingly, will dismiss the state law claims asserted against Cremens in his official capacity without prejudice.  As such, Aery is free to pursue these claims in state court, if he so wishes.

### 3.  Conclusion

In sum, Aery fails to state a plausible official capacity § 1983 claim, and the Court declines to exercise supplemental jurisdiction over the official capacity state law claims.  As such, the Court will dismiss the official capacity claims without prejudice.

### C.  Leave to Amend

Aery chose not to amend the Complaint as a matter of course, only requesting leave to amend upon the Magistrate Judge's consideration of Cremens's Motion to Dismiss. Then, when making this late request, Aery did not follow Local Rules, as he did not move the Court for leave to amend nor did he submit a proposed amended complaint. As such, Aery did not allow Cremens to meaningfully respond to Aery's request for leave to amend. Thus, the Court will deny Aery's request. *See Benjamin v. Experian Info. Sols., Inc.*, No. 14-810, 2014 WL 3509044, at *5 (D. Minn. July 15, 2014) (adopting R&R). The Court notes, however, that when he is better prepared, Aery is free to file another action to reassert the claims that the Court will dismiss without prejudice. A dismissal without prejudice means that the the complaint may be amended and filed again, correcting the problems identified with the original complaint.

## ORDER

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEARBY ORDERED** that:

1. Plaintiff's Objections to the Report and Recommendation [Docket No. 59] are **OVERRULED**;

2. The Magistrate Judge's January 28, 2021 Report and Recommendation [Docket No. 54] is **ADOPTED**;

3. Defendant's Motion to Dismiss [Docket No. 32] is **GRANTED**; and

4. The action be **DISMISSED** as follows:

   a. Plaintiff's individual capacity claims against Defendant are **DISMISSED with prejudice;** and

    b. Plaintiff's official capacity claims against Defendant are **DISMISSED without prejudice**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**


DATED:  March 30, 2021  
at Minneapolis, Minnesota.                       _____  
                                          JOHN R. TUNHEIM  
                                          Chief Judge  
                           United States District Court